United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Atlas Conglomerate of Ridiculous Proportions LLC, Plaintiff, | ) ) | |
| | ) | Civil Action No. 23-22810-Civ-Scola |
| v. | ) | |
| | ) | |
| NFT Technologies, Inc., Defendant. | ) | |

### Order Requiring Amended Citizenship Allegations

This matter is before the Court upon an independent review of the record. "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005). Here, both the Plaintiff's complaint (ECF No. 1) and the Defendant's subsequently-filed third-party complaint (ECF No. 14) contain defective jurisdictional allegations.

In its complaint, the Plaintiff Atlas Conglomerate of Ridiculous Proportions LLC ("Atlas") alleges that the Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. (Compl. ¶ 4, ECF No. 1.) 28 U.S.C. § 1332(a)(2) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state[.]" The complaint alleges that the parties are diverse because Atlas "is a Florida limited liability company, with a principal place of business located at 400 NW 26th Street, Miami, FL 33127[,]" and the sole Defendant, NFT Technologies, Inc. ("NFT"), "is a corporation organized under the laws of the Province of British Columbia, with a principal place of business located at 1965 West 4th Avenue, Suite 202, Vancouver, British Columbia V6J 1M8." (*Id.* ¶¶ 1–2.) These allegations, however, do not establish diversity jurisdiction because they fail to properly plead the citizenship of Atlas.

In the Eleventh Circuit, the citizenship of a limited liability company like Atlas is determined, for diversity purposes, by the citizenship of all the members composing the entity. *See Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability

company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list all the members of the limited liability company along with each member's citizenship. *Id.* Here, the complaint does not allow the Court to properly consider whether diversity jurisdiction because it fails to identify the members of Atlas, or to allege those members' respective citizenships. *See, e.g., MSPA Recovery Claims, Series, LLC v. Eli Lilly & Co.,* No. 18-24617-CIV-ALTONAGA/Goodman</i>, 2018 U.S. Dist. LEXIS 221792, at *6 (S.D. Fla. Nov. 19, 2018) (Altonaga, J.) ("While Defendant is correct to look to Plaintiff's member, Defendant fails by not identifying the members of Plaintiff's member."); *Citimortgage, Inc. v. Sec. Title & Abstract, LLC*, No. 2:12-cv-25-FtM-29DNF, 2013 U.S. Dist. LEXIS 199339, at *3 (M.D. Fla. Aug. 28, 2013) ("By not listing and identifying the members of the limited liability company, the First Amended Complaint does not allow the Court to determine whether the conclusory assertion is plausible.").

In addition, in its third-party complaint seeking indemnification against the third-party Defendants Run It Wild Pty. Ltd. ("Run It Wild") and Adam De Cata ("De Cata"), the Defendant NFT likewise inadequately invokes the Court's jurisdiction pursuant to 28 U.S.C. § 1332(a). NFT supports its assertion of diversity jurisdiction by alleging that Run It Wild "is a company organized under the laws of Australia and registered in Victoria with a principal place of business located at 55 Riviera Road, Avondale Heights VIC 3034, Australia[,]" and that De Cata "is an individual who resides at 52|42–Emaar, #2108, King Salman Bin Abdulaziz Al Saud St, Dubai, United Arab Emirates." (Third-Pty. Compl. ¶¶ 2–3, ECF No. 14.) However, these allegations fail to properly allege the citizenship of either third-party Defendant.

First, from the face of the third-party complaint, it is unclear whether Run It Wild is a corporation, proprietorship, partnership, or some other entity. The type of entity Run It Wild is, of course, has an impact on the Court's analysis of whether diversity jurisdiction exists. *E.g., Carden v. Arkoma Assocs.,* 494 U.S. 185, 189-190 (1990) (pointing out the differences in how various entities are treated for the purposes of assessing diversity jurisdiction). NFT must specify what type of entity Run It Wild is before the Court can assess its citizenship for diversity purposes. In addition, once NFT properly identifies what type of entity Run It Wild is, NFT must tailor its citizenship allegations to the correct entity type. Thus, for example, while "a foreign corporation . . . is a citizen for diversity jurisdiction purposes of the country where it is chartered and of the state where it has its principal place of business," *Crist v. Carnival Corp.,* 410 F. App'x 197, 200 (11th Cir. 2010), "[t]o sufficiently allege the citizenships of [] unincorporated business entities, a party must list the

citizenships of all the members of the limited liability company and all the partners of the limited partnership[,]" *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Second, with respect to third-party Defendant De Cata, under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Accordingly, it is not enough for NFT to allege that De Cata "resides" in the United Arab Emirates.

Finally, the Court highlights that the defects in the third-party complaint's jurisdictional allegations are particularly critical because NFT fails to properly invoke *any other basis* for the Court to exercise subject matter jurisdiction over the third-party complaint. Should NFT wish to invoke the Court's supplemental jurisdiction, it must carefully address whether the Court would be able to exercise supplemental jurisdiction under the unique facts of this case. *See, e.g.*, *Hdi Glob. Ins. Co. v. Amerijet Int'l Inc.*, No. 22-22235-CIV-ALTONAGA/Torres, 2022 U.S. Dist. LEXIS 242857, at *2 (S.D. Fla. Oct. 3, 2022) (Altonaga, J.) (explaining that "[t]he court does not have authority to exercise supplemental jurisdiction over claims that would destroy the Court's original diversity jurisdiction[." (cleaned up)).

Accordingly, because, based on the allegations in Atlas's complaint, NFT's third-party complaint, and the record as a whole, the Court is unable to ascertain whether it may exercise subject matter jurisdiction in this case, the parties must file materials amending their jurisdictional allegations by **January 19, 2024**. If the parties fail to provide the facts necessary to establish subject matter jurisdiction over the complaint or third-party complaint, the Court may dismiss either one or both of these pleadings, albeit without prejudice, for lack of subject matter jurisdiction.

**Done and ordered** in Miami, Florida, on January 12, 2024.

Robert N. Scola, Jr.
United States District Judge