United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Atlas Conglomerate of Ridiculous Proportions LLC, Plaintiff, <br><br> v. <br><br> NFT Technologies, Inc., Defendant. | ) <br> ) <br> ) Civil Action No. 23-22810-Civ-Scola <br> ) <br> ) <br> ) |

## Second Order Requiring Amended Allegations

On January 12, 2024, the Court entered a sua sponte order identifying deficiencies in the jurisdictional allegations of both the Plaintiff's complaint (ECF No. 1) and the Defendant's third-party complaint (ECF No. 14). (Order, ECF No. 22.) The Court's order directed the parties to file materials amending their jurisdictional allegations to address the deficiencies identified therein by January 19, 2024. In so doing, the Court specified that "[i]f the parties fail[ed] to provide the facts necessary to establish subject matter jurisdiction over the complaint or third-party complaint, the Court **may dismiss either one or both of these pleadings**, albeit without prejudice, for lack of subject matter jurisdiction." (*Id.* (emphasis added).) On January 19, 2024, the parties attempted to comply with the Court's order by filing a second amended complaint (ECF No. 24) and amended third-party complaint (ECF No. 23). However, for the reasons explained below, these materials once again contain defective jurisdictional allegations.

First, although the second amended complaint now identifies the individual members of the Plaintiff Atlas Conglomerate of Ridiculous Proportions LLC ("Atlas"), it fails to adequately allege those members' citizenships. Specifically, the second amended complaint alleges that "[t]he individual members of Atlas [] are: (1) Aaron Alamary; (2) Robert Siedman; and (3) Avraham Aisenberg, each of whom are United States citizens, residing in the State of Florida." (Second Am. Compl. ¶ 1, ECF No. 24.) However, once again, as noted in the Court's prior order requiring amended citizenship allegations, it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the

equivalent of citizenship"). Accordingly, it is not enough for Atlas to allege that its individual members are United States citizens that "reside" in the State of Florida because these allegations fail to identify the State of which each individual is a citizen. Moreover, as currently pled, the second amended complaint is not clear as to whether these three individuals are Atlas's only members, or merely its only individual members. If Atlas has other members that are entities, it must also include them, along with their respective citizenships, in its pleading.

Second, although the amended third-party complaint now properly alleges the citizenships of the third-party Defendants Run It Wild Pty. Ltd. ("Run It Wild") and Adam De Cata ("De Cata"), it continues to erroneously invoke the Court's diversity jurisdiction. Per the amended third-party complaint, the third-party Plaintiff NFT Technologies, Inc. ("NFT") is a citizen of Canada, while the third-party Defendants Run It Wild and De Cata are both citizens of Australia. Thus, both sides are citizens of foreign countries. However, it is well settled that having foreign citizens on both sides of the dispute deprives the Court of diversity jurisdiction over these foreign parties. *See* 28 U.S.C. § 1332(a)(2); *McIntosh v. Royal Caribbean, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("Alienage diversity under 28 U.S.C. § 1332(a)(2) 'must be complete,' such that 'an alien on both sides of a dispute will defeat jurisdiction.'"); *Iraola & Cia, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) ("It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides."). Thus, as suggested in the Court's prior order requiring amended citizenship allegations, it appears that the only basis on which it may excise jurisdiction over NFT's third-party complaint is via its supplemental jurisdiction. *See* 28 U.S.C. § 1367. Once again, should NFT wish to invoke the Court's supplemental jurisdiction, it must carefully address whether and, if so, why the Court should exercise supplemental jurisdiction under the unique facts of this case.

In short, based on the allegations in Atlas's second amended complaint and NFT's amended third-party complaint, the Court is still unable to ascertain whether it may exercise subject matter jurisdiction in this case. The Court will grant the parties **one additional opportunity** to submit materials adequately alleging subject matter jurisdiction, which materials must be filed by **January 31, 2024**. If the parties fail to provide the facts necessary to establish subject matter jurisdiction over the complaint or third-party complaint, the Court will dismiss either one or both pleadings, as necessary, for lack of subject matter jurisdiction, albeit without prejudice.

**Done and ordered** in Miami, Florida, on January 23, 2024.

                                                  Robert N. Scola, Jr.
                                                  United States District Judge