UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-22810-CV-SCOLA/GOODMAN

ATLAS CONGLOMERATE OF
RIDICULOUS PROPORTIONS LLC,

    Plaintiff,

v.

NFT TECHNOLOGIES, INC.,

    Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON PLAINTIFF'S
### MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT

In this breach of contract action, Plaintiff Atlas Conglomerate of Ridiculous Proportions LLC ("Plaintiff") filed a Motion for Default Judgment against NFT Technologies, Inc. ("Defendant"). [ECF No. 48 ("Motion")]. Defendant did not respond to Plaintiff's Motion, and the deadline to do so has expired.

Senior United States District Judge Robert N. Scola, Jr. referred Plaintiff's Motion to the Undersigned for a "report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 50]. As explained below, the Undersigned **respectfully recommends** that Judge Scola **deny** the Motion [ECF No. 48] **without prejudice**.

I.  **Background**

Plaintiff filed a Complaint alleging common law breach of contract (Count I) and fraudulent transfer (Count III), and seeking a declaratory judgment (Count II) against Defendant. [ECF No. 26].[1]

Plaintiff and Defendant entered into a "Software Development Sales Contract [("Contract")] . . ., pursuant to which [Defendant] agreed to pay [Plaintiff] a total amount of $180,000 for the development of the NFT-based augmented reality game, 'U.S. Women's Open ArtBall 2023' [("ArtBall")] . . . ." *Id*. at ¶ 6. Plaintiff alleges that while it "complet[ed] development and delivery" of ArtBall, Defendant "failed to make the required payments set forth in the Contract." *Id*. at ¶¶ 7–8. Plaintiff also alleges that "the Contract mandate[s] that [Plaintiff] is the sole and lawful owner of [ArtBall] until full payment is made," and that Defendant "transferred [ArtBall] to Third Party Defendants" despite being "fully aware" of its lack of ownership. *Id*. at ¶¶ 31; 39; 44. In support, Plaintiff attached the signed Contract between the parties and a demand letter. [ECF Nos. 26-1; 26-2].

---

[1] This is Plaintiff's Third Amended Complaint. Therefore, when the Undersigned refers to Plaintiff's "Complaint", I am referring to Plaintiff's *Third* Amended Complaint. Additionally, Plaintiff and Defendant are the only parties in this action because both Adam De Cata and Run it Wild Pty Ltd were dismissed from this case. [ECF No. 54]. Defendant had filed a third-party complaint [ECF No. 27] against Adam De Cata and Run it Wild Pty Ltd, which was dismissed. [ECF No. 54].

On June 7, 2024, Defendant's counsel filed a Second Amended Motion to Withdraw as Counsel of Record because of "irreconcilable differences." [ECF No. 43]. The Court granted the motion, and instructed Defendant to inform the Court of its retention of new counsel by July 8, 2024. [ECF No. 44]. If Defendant did not comply with the Court's Order, then "the Court may hold it in default" because corporate parties may not litigate pro se. *Id.* (citing *Cook v. Trinity Universal Ins. Co. of Kan.*, 297 F. App'x 911, 912 n.1 (11th Cir. 2008)). Defendant failed to comply with the Court's Order, and Plaintiff consequently filed the Motion. [ECF No. 48]. Judge Scola then issued an Order directing the Clerk to enter default as to Defendant, and the Clerk entered the Order the same day. [ECF Nos. 51; 52]. As of the date of this Report and Recommendations, Defendant has still failed to appear or retain counsel since Judge Scola's Order [ECF No. 44].

## II. Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a final default judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a final default judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the

3

cause(s) of action. *Id*. (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-CV-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood*

---

[2]   In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued on or before September 30, 1981 would become binding precedent in the Eleventh Circuit.

4

*Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

### III.   Analysis

Despite seeking a default judgment, Plaintiff's Motion contains **no** analysis, **no** caselaw, and **no** citations to the Complaint. [ECF No. 48]. Essentially, Plaintiff's motion just states -- in unelaborated terms -- that because Defendant failed to retain counsel in compliance with the Court's Order [ECF No. 44], "a default may be entered against [Defendant]." [ECF No. 48, ¶¶ 3–5].

The Undersigned acknowledges that Local Rule 7.1(a)(1) provides that a motion for default judgment "need not incorporate a memorandum." Nevertheless, courts in this circuit routinely deny motions for default judgment which contain no substantive analysis. *See, e.g.*, *Valle v. AA & K Restoration Grp., LLC*, No. 1:19-CV-20873-KMM, 2019 WL 13192198, at *2 (S.D. Fla. Oct. 23, 2019) ("[A] proper motion for default judgment should 'state in . . . its memorandum of law the elements of each cause of action on which it seeks a default judgment and show with pinpoint citations to the amended complaint how the well-pleaded facts in the amended complaint establish each element.'" (quoting *Jaguar Imports, LLC v. Phoenix Glob. Ventures, Inc.*, No. 6:12-cv-1486-OrL-31KRS, 2013 WL 12170484, at *1 (M.D. Fla. Mar. 21, 2013))); *BMO Harris Bank, NA v. DTL Transp., Inc.*, No. 616CV2238ORL37KRS, 2017 WL 8314658, at *1 (M.D. Fla. June 6, 2017) (denying without prejudice a default judgment motion because it "merely assert[ed] that [the] [d]efendant

is liable and focuse[d] on [the] [p]laintiff's entitlement to various remedies"); *St. Michael Press Publ'g Co. v. One Unknown Wreck Believed to be the Archangel Michael*, No. 12-80596-CIV, 2013 WL 12171816, at *1 (S.D. Fla. Feb. 12, 2013) (denying the plaintiff's default judgment motion because, among other reasons, it failed to include a legal memorandum).

To reiterate the above legal standard, this circuit "generally disfavor[s]" default judgments because of a "strong policy of determining cases on their merits," and district courts have "discretion" in deciding whether to enter such judgments. *Surtain*, 789 F.3d at 1244–45; *Hamm*, 774 F.2d at 1576. Simply put, the Undersigned is not inclined to bypass a required review of the merits of this action and recommend that the Court grant Plaintiff's substantively unsupported Motion solely because Defendant failed to meet a deadline.

**IV**.  **Conclusion**

Accordingly, the Undersigned **respectfully recommends** that the Court **deny** Plaintiff's Motion [ECF No. 48] **without prejudice**. The Undersigned also **respectfully recommends** that, if this Report and Recommendations is adopted, then Plaintiff be instructed that any future motion for a default judgment must include a meaningful memorandum of law which explains the elements of its claims and requests for damages.

**V.     Objections**

The parties will have five (5)[3] days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within five (5) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 5, 2024.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record

---

[3]     The Undersigned is shortening the deadlines because Defendant has defaulted, and it therefore appears unlikely that it will respond in any way, including to file objections.