United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Atlas Conglomerate of Ridiculous Proportions LLC, Plaintiff, <br><br> v. <br><br> NFT Technologies, Inc., Defendant. | ) <br> ) <br> ) Civil Action No. 23-22810-Civ-Scola <br> ) <br> ) <br> ) |

### Order Adopting Magistrate Judge's Report and Recommendations

  This matter comes before the Court on the Plaintiff's motion for default judgment. (Mot., ECF No. 48.) In its third amended complaint, the Plaintiff Atlas Conglomerate of Ridiculous Proportions LLC ("Atlas") alleges three counts—breach of contract, declaratory relief, and fraudulent transfer—against Defendant NFT Technologies, Inc. ("NFT Technologies"). (Third Am. Compl., ECF No. 26.) The dispute stems from a "Software Development Sales Contract" under which NFT Technologies agreed to pay Atlas for the development of an NFT-based reality game. (*Id.*) Atlas alleges it fully performed under the contract, "including, but not limited to, completing development and delivery of the Product", but NFT Technologies failed to pay the full amount. (*Id.* at 3.)

  On June 10, 2024, the Court granted a motion to withdraw by counsel for NFT Technologies due to irreconcilable differences. (ECF Nos. 43, 44.) In doing so, the Court advised NFT Technologies that, as a corporate party, it may not litigate pro se. (ECF No. 44) (citing *Cook v. Trinity Universal Ins. Co. of Kan.*, 297 F. App'x 911, 912 n.1 (11th Cir. 2008)). The Court directed NFT Technologies to retain new counsel and file a notice of such retention with the Court by July 8, 2024, or risk being held in default. (*Id.*) A copy of the Court's order was mailed and emailed to NFT Technologies at the contact information provided by withdrawn counsel (ECF Nos. 45, 47), but NFT Technologies failed to comply with the Court's order. At the Court's direction, the Clerk of the Court entered a default under Rule 55(a). (ECF Nos. 51, 52.)

  Atlas filed the instant motion for default judgment (ECF No. 48), which was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations. (ECF No. 50.) Judge Goodman recommended the Court deny Plaintiff's motion without prejudice because it "contains **no** analysis, **no** caselaw, and **no** citations to the Complaint." (ECF No. 55) (emphasis in original). Neither party filed objections to the R&R, and the time to do so has passed.

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

The Court has considered Judge Goodman's report, the record, and the relevant legal authorities. The Court finds Judge Goodman's report and recommendations cogent and compelling. The Court **affirms and adopts** Judge Goodman's report and recommendations (**ECF No. 55**) and **denies** Plaintiff's motion for default judgment **without prejudice**. (**ECF No. 48.**) The Plaintiff is instructed that any future motion for default judgment must include a meaningful memorandum of law which explains the elements of its claims and requests for damages. (*See* ECF No. 55 at 6.)

**Done and ordered** at Miami, Florida on August 13, 2024.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies via email and U.S. mail to*:
NFT Technologies, Inc.
Attn: Wayne Lloyd
202-1964 West 4th Avenue,
Vancouver, Canada, BC V6J1M8
wayne@nfttech.com