**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-22810-CV-SCOLA/GOODMAN**

ATLAS CONGLOMERATE OF
RIDICULOUS PROPORTIONS LLC,

      Plaintiff,

v.

NFT TECHNOLOGIES, INC.,

      Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S**
**AMENDED MOTION FOR DEFAULT JUDGMENT**

In this breach of contract action, Plaintiff Atlas Conglomerate of Ridiculous Proportions LLC ("Plaintiff") filed an Amended Motion for Default Judgment against NFT Technologies, Inc. ("Defendant"). [ECF No. 57 ("Motion")]. Defendant did not respond to Plaintiff's Motion, and the deadline to do so has expired.

Senior United States District Judge Robert N. Scola, Jr. referred Plaintiff's Motion to the Undersigned for a "report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules." [ECF No. 58]. As explained below, the Undersigned **respectfully recommends** that Judge Scola **grant in part** and **deny in part** the Motion [ECF No. 57].

I.      **Background**

Plaintiff filed a Complaint alleging common law breach of contract (Count I) and

fraudulent transfer (Count III), and seeking a declaratory judgment (Count II) against

Defendant. [ECF No. 26].[1]

Plaintiff and Defendant entered into a "Software Development Sales Contract

[("Contract")] . . ., pursuant to which [Defendant] agreed to pay [Plaintiff] a total amount

of $180,000 for the development of the NFT-based augmented reality game, 'U.S.

Women's Open ArtBall 2023' [("ArtBall")] . . . ." *Id*. at ¶ 6. Plaintiff alleges that while it

"complet[ed] development and delivery" of ArtBall, Defendant "failed to make the

required payments set forth in the Contract." *Id*. at ¶¶ 7–8. Plaintiff also alleges that "the

Contract mandate[s] that [Plaintiff] is the sole and lawful owner of [ArtBall] until full

payment is made," and that Defendant "transferred [ArtBall] to Third Party Defendants"

despite being "fully aware" of its lack of ownership. *Id*. at ¶¶ 31; 39; 44. In support,

Plaintiff attached the signed Contract between the parties and a demand letter. [ECF Nos.

26-1; 26-2].

---

[1]      This is Plaintiff's Third Amended Complaint. Therefore, when the Undersigned
refers to Plaintiff's "Complaint", I am referring to Plaintiff's *Third* Amended Complaint.
Additionally, Plaintiff and Defendant are the only parties in this action because both
Adam De Cata and Run it Wild Pty Ltd were dismissed from this case. [ECF No. 54].
Defendant had filed a third-party complaint [ECF No. 27] against Adam De Cata and Run
it Wild Pty Ltd, which was dismissed. [ECF No. 54].

On June 7, 2024, Defendant's counsel filed a Second Amended Motion to Withdraw as Counsel of Record because of "irreconcilable differences." [ECF No. 43]. The Court granted the motion, and instructed Defendant to inform the Court of its retention of new counsel by July 8, 2024. [ECF No. 44]. If Defendant did not comply with the Court's Order, then "the Court may hold it in default" because corporate parties may not litigate pro se. *Id*. (citing *Cook v. Trinity Universal Ins. Co. of Kan.*, 297 F. App'x 911, 912 n.1 (11th Cir. 2008)). Defendant failed to comply with the Court's Order, and Plaintiff consequently filed the Motion. [ECF No. 48]. Judge Scola then issued an Order directing the Clerk to enter default as to Defendant, and the Clerk entered the Default the same day. [ECF Nos. 51; 52]. As of the date of this Report and Recommendations, Defendant has still failed to appear or retain counsel since Judge Scola's June 10, 2024 Order [ECF No. 44].

On July 7, 2024, Plaintiff filed its initial motion for default judgment. [ECF No. 48]. Judge Scola referred the initial motion to me, and I recommended that it be dismissed without prejudice because it was not sufficiently supported. [ECF No. 55]. Plaintiff did not file any objections to my Report and Recommendations. At bottom, Judge Scola adopted my recommendation and instructed Plaintiff "that any future motion for default judgment must include a meaningful memorandum of law which explains the elements of its claims and requests for damages." [ECF No. 56, p. 2].

Plaintiff then filed its Amended Motion for Default Judgment. [ECF No. 58]. Defendant has failed to respond and the time to do so has passed. The motion is now ripe for review.

## II.  Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the district court for a final default judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a final default judgment based solely on the existence of a clerk's default. *Id*. at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the cause(s) of action. *Id*. (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued on or before the end of business on September 30, 1981 would become binding precedent in the Eleventh Circuit.

determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-CV-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.   Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a. Subject-Matter Jurisdiction

Plaintiff's Complaint states that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and is between citizens of U.S. States and a citizen or subject of a foreign state. [ECF No. 26, ¶¶ 1–2; 4]. Diversity jurisdiction is proper "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the parties are "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

Here, the jurisdictional amount is satisfied because Plaintiff alleges damages exceeding $127,500. [ECF No. 26, p. 10]. Additionally, the Complaint establishes that Plaintiff, a limited liability company with its principal place of business in Florida, is a citizen of Florida and New Jersey (based on the citizenship of its members), and that Defendant is a citizen of British Columbia. *Id.* at ¶¶ 1–2. Plaintiff therefore properly demonstrated that complete diversity of citizenship exists. As such, this Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### b. Personal Jurisdiction

In addition to having subject-matter jurisdiction, a court must also have personal jurisdiction over each defendant. *See Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) ("A judgment rendered in the absence of personal jurisdiction is void and without legal effect" (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012))). For this reason, "when deciding a motion for default judgment, a

court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Id*. (citing *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001)).

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003)).

### i.    Service of Process

Service of process is a jurisdictional requirement. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void"); *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022) ("[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment . . . .").

Here, Plaintiff properly served Defendant with the necessary documentation, including the initial complaint, on August 30, 2023. [ECF No. 6]. Additionally, Defendant's Answer did not mention improper service. [ECF No. 13].[3] *Vax-D Med. Techs.*,

---

[3]     Defendant's Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint [ECF No. 26] did not mention improper service either. [ECF No. 28].

*LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007) ("Finally, even if [the plaintiff] had improperly served process upon [the defendants], they waived the defenses of insufficiency of process, service of process, and personal jurisdiction when they submitted their [a]nswer without raising these defenses." (citing Fed. R. Civ. P. 12(h)(1) ("A defense of lack of jurisdiction over the person, . . . insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof . . . ."))).

### ii.    Amenability to Jurisdiction

In cases involving foreign defendants, "[t]he plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)); *see also United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) ("A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.") (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999)); *Warner Bros. Ent. Inc. v. Phillips*, No. 6:14-CV-1294-ORL-37GJK, 2015 WL 4590519, at *3 (M.D. Fla. July 28, 2015) ("Even in the default judgment context, as a threshold matter, the plaintiff bears the burden of pleading sufficient facts to make out a prima facie case of personal jurisdiction over non-resident defendants." (citing *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013))).

Here, Plaintiff relies on language from the contract in dispute to establish jurisdiction over Defendant. [ECF No. 26, ¶ 5]. The relevant language states,

> "This Contract shall be governed by and construed in accordance with the laws of the State of Florida, United States of America without regard to its conflict of laws principles," and (ii) "This Agreement shall be governed by and construed in accordance with the laws of Miami, Florida, USA. Any disputes arising out of or in connection with this Agreement shall be subject to the exclusive jurisdiction of the courts located in the Miami-Dade County, Florida, USA.

*Id.* (quotations in original). This Court must therefore determine whether this language functions as Defendant's consent to jurisdiction.

This analysis first concerns the validity of the contract language. "[T]he validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general." *Access Telecom, Inc. v. Numaxx World Merchs., LLC*, No. 1:13-CV-20404-LENARD/O'SULLIVAN, 2013 WL 12108129, at *3 (S.D. Fla. Nov. 25, 2013) (quoting *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003)). Here, Defendant's Answer contested the validity of the contract. [ECF No. 28]. However, because Defendant failed to abide by Judge Scola's pre-trial Order [ECF No. 44], its Answer should be **stricken** under Federal Rule of Civil Procedure 16(f)(1)(c).[4] *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (striking the defendant's answer

---

[4]     Rule 16(f)(1)(c) states: "On motion or **on its own**, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(c) (emphasis added).

because he failed to participate in the case and an order of default was entered against him). "The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Plaintiff attached a copy of the signed contract to its Complaint. [ECF No. 26-1]. Not taking into account Defendant's Answer, Plaintiff's Complaint sufficiently establishes the Contract's validity because it attached a copy of it and included a copy of the electronic signature log [ECF No. 26-1, p. 16]. Additionally, the Complaint includes a text message conversation between Plaintiff and Defendant's employee[5] where the employee acknowledged Plaintiff's notice of Defendant's breach. *Id*. at 4.

Next, sitting in diversity, this Court must decide whether to examine the forum-selection clause under federal or state law. In *Alexander Proudfoot Co. v. Thayer*, the Eleventh Circuit considered "whether a federal court sitting in diversity should apply state or federal law to determine the effect of a contractual provision conferring personal jurisdiction." 877 F.2d 912, 917 (11th Cir. 1989). The court conducted its analysis using the Supreme Court's methodology in *Hanna v. Plumer*, 380 U.S. 460 (1965). *Id.* at 916–19.

The court first noted that "no federal statute or Rule of Civil Procedure controls issues of personal jurisdiction." *Id*. at 917–18. Addressing the second *Hanna* inquiry

---

[5]     According to Plaintiff, this employee no longer works for Defendant. [ECF No. 26, ¶ 11].

pertaining to "the applicability of federal judge-made law," the court found that "federal common law . . . differs sharply from Florida law." *Id*.[6] "In Florida, conferral of personal jurisdiction clauses are not enforced unless an independent ground for personal jurisdiction exists under the Florida Long Arm Statute." *Id*. at 918. (citing *McRae v. J.D./M.D., Inc.*, 511 So. 2d 540 (Fla. 1987) (internal citation omitted)).

Given the "significant difference between the relevant federal and state laws," the Eleventh Circuit determined that it must apply Florida law because the application of federal judge-made law "would disserve the 'twin aims of the *Erie* rule: discouragement of forum shopping and avoidance of inequitable administration of the laws.'" *Id*. at 917 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 n.6 (1988)).[7]

Thus, "United States district courts sitting in Florida apply the same [jurisdictional] approach as the state's courts." *Johns v. Taramita*, 132 F. Supp. 2d 1021, 1029 (S.D. Fla. 2001). This approach involves a "two-step inquiry." *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018) (citing *Carmouche v. Tamborlee Mgmt., Inc.*, 789

---

[6]     Federal judge-made law favors the enforcement of forum-selection clauses. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("[P]arties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process." (internal citations omitted)).

[7]     Using hypotheticals, the court explained that applying federal judge-made law in this context would allow a plaintiff to "file in federal court to escape the effect of state law," causing "citizens of the forum state [to be] unfairly discriminated against." *Alexander Proudfoot Co.*, 877 F.2d at 918–19.

F.3d 1201, 1203 (11th Cir. 2015)). First, courts must "determine whether the exercise of jurisdiction is appropriate under [Florida's] long-arm statute." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (quoting *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)). If this first inquiry is "satisfactorily answered," then courts "consider[] whether asserting jurisdiction offends the due process clause." *Alexander Proudfoot Co.*, 877 F.2d at 919 (citing *Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1521 (11th Cir. 1985)).

Under Florida's long-arm statute, courts have jurisdiction over defendants who "breach[] a contract in [Florida] by failing to perform acts required by the contract to be performed in [Florida]." Fla. Stat. § 48.193(1)(a)(7). Here, Defendant failed to perform acts required to be performed in Florida by failing to pay money due and owed in Florida.

In *Venetian Salami Co. v. Parthenais*, the Florida Supreme Court stated that it did "not believe that the mere failure to pay money in Florida, **standing alone**, would suffice to obtain jurisdiction over a nonresident defendant." 554 So. 2d 499, 503 (Fla. 1989) (emphasis added). However, it explained that, "[r]ather than holding the [long-arm] statute unconstitutional as applied, we have chosen to hold that the statute extends only to the limits of the due process clause." *Id.* at 503 n.2. Thus, a defendant's failure to pay money due in Florida satisfies § 48.193(1)(a)(7), but it is not enough to subject a defendant to the jurisdiction of Florida courts absent independently satisfied due process considerations.

Under § 48.193(1)(a)(7), in a default judgment context, a plaintiff must allege that the defendant breached the contract specifically by failing to pay for goods provided by the plaintiff. *See Omm Imps., Inc. v. Summer Creation Grp., Inc.*, No. 19-21285-CIV-WILLIAMS/TORRES, 2019 WL 11505085 (S.D. Fla. Oct. 2, 2019), *report and recommendation adopted*, No. 19-21285-CIV-WILLIAMS, 2019 WL 13224953 (S.D. Fla. Oct. 18, 2019). There, Chief Magistrate Judge Edwin G. Torres stated:

> It is well established that "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state" is one of the enumerated acts that will subject a person or company to jurisdiction in Florida. Fla. Stat. § 48.193(1)(a)(7). [The] [p]laintiff argues that personal jurisdiction exists under this provision because the parties established a course of dealing where [the] [d]efendant paid [the] [p]laintiff for its cosmetic products via a wire transfer or credit card payment. But, unlike other cases where a party committed a breach under Florida law for failing to pay for goods or services, [the] [p]laintiff never alleges that [the] [d]efendant breached the contract in this way.

*Id*. at *3. He further explained that **"[i]f [the] [p]laintiff had alleged that [the] [d]efendant failed to pay for goods under the contract,"** then that plaintiff would have met the necessary conditions for Florida's long-arm statute. *Id*. at *3 n.2 (emphasis added) (citing *Stewart v. Julana Dev. Corp.,* 678 So. 2d 1385, 1388 (Fla. 3d DCA 1996) (failure to perform under contract to be performed in Florida satisfies Section 48.193(1)(g)).

Here, Plaintiff meets this standard by specifically alleging that Defendant "failed to make the required payments" after Plaintiff fully performed all terms and conditions as "set forth in the Contract, including, but not limited to, completing development and delivery of the product." [ECF No. 26, ¶¶ 7; 8].

Given an independent basis under the long-arm statute, this Court must now consider whether exercising jurisdiction over Defendant would offend due process. "Normally, courts consider whether the defendant purposefully established 'minimum contacts' with the forum state." *Alexander Proudfoot Co.*, 877 F.2d at 921 (citing *Int'l Shoe Co. v. State of Wash., Off. of Unemp. Comp. & Placement*, 326 U.S. 310, 316 (1945)). "This analysis requires courts to determine whether 'the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hailed into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Here, the existence of a forum-selection clause satisfies this second inquiry, so a traditional due process analysis is unnecessary. *See id.* ("Because the nonresident defendant in the present case contractually agreed to personal jurisdiction in Florida, the usual due process analysis need not be done."); *Off. Depot, Inc. v. Pelletier*, No. 16-81170-CIV-DIMITROULEAS, 2016 WL 10932510, at *4 (S.D. Fla. Sept. 8, 2016) ("Here, where [the] [d]efendant [] has contractually agreed to personal jurisdiction in Florida, the Court need only determine that personal jurisdiction is proper under Florida's long-arm statute . . . ."); *Healthcare Appraisers, Inc. v. Healthcare FMV Advisors, LLC*, No. 10–80293–CIV, 2011 WL 4591960, at *5 (S.D. Fla. Sept. 30, 2011) ("As the United States Supreme Court noted in *Burger King*, the due process analysis is unnecessary where a nonresident defendant has consented to suit in a forum.") (citing *Burger King Corp.*, 471 U.S. at 472 n.14).

While neither Defendant's failure to pay money due in Florida nor the existence of a forum-selection clause would *alone* satisfy both aspects of a Florida state law analysis, the combination is sufficient to subject Defendant to this Court's jurisdiction. *See Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV-MOORE/GARBER, 2007 WL 712389, at *2 (S.D. Fla. Mar. 7, 2007) ("Where a requirement to pay money in Florida has been coupled with a Florida venue selection clause in a contract, courts have held that the nonresident defendant should reasonably expect to be hailed into court in Florida.") (quoting *Glob. Satellite Commc'n Co. v. Sudline*, 849 So. 2d 466, 469 (Fla. 4th DCA 2003)).

### c.   Liability

As noted, the Complaint alleges common law breach of contract (Count I) and fraudulent transfer (Count III), and seeks a declaratory judgment (Count II) against Defendant. [ECF No. 26].

### i.   Count I (Breach of Contract)

"Under Florida law, the elements of a breach of contract claim are (1) a valid contract, (2) a material breach, and (3) damages." *Phawa, LLC v. Marjaba Imp. & Exp. Corp.*, No. 21-22208-CV-ALTMAN, 2021 WL 4150842, at *2 (S.D. Fla. Aug. 26, 2011), *report and recommendation adopted*, No. 21-CV-22208-ALTMAN, 2021 WL 4147770 (S.D. Fla. Sept. 13, 2021) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)).

Here, the parties entered into a written contract when Defendant agreed to pay Plaintiff $180,000 for the development of an augmented reality game. [ECF No. 26, ¶ 6].

The Complaint states that Defendant's "failure to make payment of the outstanding balance (plus interest) constitutes a material breach of the terms and conditions set forth in the Contract." *Id*. at ¶ 23. Finally, as a result of this breach, Plaintiff has suffered damages in the amount of "at least $127,500." *Id*. at ¶ 24

The Undersigned finds that Plaintiff's allegations, deemed admitted by virtue of Defendant's default, sufficiently state a claim for breach of contract. *See Associated Energy Grp., LLC v. SRS Aviation (Pty) Ltd*., No. 23-CV-24070, 2024 WL 3497612, at *2 (S.D. Fla. Jan. 22, 2024) (granting the plaintiff's motion for default judgment based on a parallel complaint).

### ii.    Counts II and III (Declaratory Judgment and Fraudulent Transfer)

Plaintiff states that Count III is "an action for fraudulent transfer, relating to [Defendants'] transfer of Collateral[8] to Third Party Defendants, Adam De Cata and/or Run It Wild Pty Ltd." [ECF No. 26, ¶ 37]. However, nowhere in the Complaint or amended motion does Plaintiff discuss *how* it sufficiently established a claim for fraudulent transfer or under what statute or common law rule it relied upon in making

---

[8]    Exhibit D to the Contract defines "Collateral" as "ArtBall," and further states that "[t]he Collateral includes all trademarks, copyrights, trade secrets, patents, domain names, intellectual property, smart contracts, cryptographic keys, royalty streams, data rights, code repositories, license agreements, secondary royalty streams, and any Intellectual Property associated with the ArtBall." [ECF No. 26, ¶ 30]. "ArtBall" is the name of the product Defendant contracted Plaintiff to produce. *Id*. at ¶ 6.

its claim for fraudulent transfer. Plaintiff's lack of substantive analysis also plagues its declaratory judgment request under Count II.

When Judge Scola adopted my Report and Recommendations on Plaintiff's initial motion for default judgment, he instructed Plaintiff "that any future motion for default judgment **must** include a meaningful memorandum of law which **explains the elements of its claims** and requests for damages." [ECF No. 56, p. 2 (emphasis added)]. Plaintiff's amended motion does not include any meaningful memorandum of law in relation to Counts II and III nor any citations to its Complaint in reference to those two Counts. Instead, it cites to two cases, neither of which are parallel to this action because: (1) in *C & M Inv. Grp., Ltd. v. Campbell*, 448 F. App'x 902, 904 (11th Cir. 2011), the district court entered a default judgment in favor of the plaintiff simply because the defendants failed to abide by court orders, not because the plaintiff had filed a motion for default judgment; and (2) in *Century Sur. Co. v. Radiant Asset Mgmt., Inc.*, No. 8:23-CV-202-CEH-SPF, 2023 WL 7411308, at *2 (M.D. Fla. Oct. 5, 2023), *report and recommendation adopted*, No. 8:23-CV-202-CEH-SPF, 2023 WL 8018866 (M.D. Fla. Nov. 20, 2023), the plaintiff's motion for default judgment included a memorandum of law that *addressed* its request for a declaratory judgment.

Therefore, because Plaintiff failed to provide a meaningful memorandum of law with regards to Counts II and III, the Undersigned **respectfully recommends** that the

Court **deny without prejudice** Plaintiff's motion as it relates to those counts because of Plaintiff's failure to abide by the Court's Order [ECF No. 56, p. 2].

### d.   Damages

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Ctrs. Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2688 at 58–59 (3d ed. 1998)).

Here, Plaintiff seeks $36,693.15 in attorney's fees and costs, $127,500.00 in damages with interest, along with declaratory and equitable relief. As explained below, Plaintiff's damages request should be granted in part and denied in part.

*Attorneys' Fees and Costs*

Typically, under the "American Rule", "each party bears its own attorney's fees." *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1331 (11th Cir. 2002) (acknowledging "the general applicability of the American Rule regarding fee shifting, i.e., that each party bears its own attorneys' fees"); *Panama Shipping Lines, Inc. v. Ciramar Int'l Trading, Ltd.*, No. 08-21213-CIV, 2009 WL 812714, at *3 (S.D. Fla. Mar. 26, 2009) ("The American Rule stands for the proposition that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."). Thus, "absent statute or enforceable contract, litigants pay their own attorneys' fees." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975).

The party seeking attorney's fees bears the burden of establishing entitlement via statute or enforceable contract. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). And "[b]ecause the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical to determining an award of fees." *Cabrera v. Haims Motors, Inc.*, No. 17-CV-60500, 2018 WL 2455438, at *2 (S.D. Fla. June 1, 2018), *report and recommendation adopted*, No. 17-CIV-60500, 2018 WL

4409844 (S.D. Fla. June 19, 2018) (citing *Florida Medical Ctr. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995)).

Plaintiff's Motion states that it is entitled to attorney's fees and costs because it is the prevailing party and cites to three cases. [ECF No. 57, pp. 4-5].[9] None of these cases are parallel to the situation here. Two of those cases (*McMillan v. Masrtech Grp., Inc.*, No. 8:13-CV-1520-MSS-35, 2014 WL 4297905, at *6 (M.D. Fla. Aug. 28, 2014) and *Jean-Louis v. Greenberg*, No. 08-81205-CIV, 2009 WL 3387484, at *2 (S.D. Fla. Oct. 16, 2009)) relate to suits brought under the Fair Labor Standards Act, which mandates that a prevailing plaintiff be awarded a reasonable attorney's fee. 29 U.S.C. § 216(b). The third case (*BASF Corp. v. World Class Collision, LLC*, No. 21-14308-CIV, 2022 WL 2402844, at *5 (S.D. Fla. June 7, 2022), *report and recommendation adopted*, No. 21-14308-CIV, 2022 WL 2402008 (S.D. Fla. July 4, 2022)) does not address attorneys' fees but does address costs in a breach of contract suit.

In *BASF Corp.*, the court awarded the plaintiff its requested costs because it was the prevailing party and its requested costs were recoverable under 28 U.S.C. § 1920. 2022 WL 2402844, at *5. Additionally, the plaintiff in *BASF Corp.* provided the court with "supporting affidavit evidence, receipts, and invoices in support of its requests for costs." *Id*. Plaintiff did not do that here.

---

[9]   Plaintiff seemingly cited these cases for their definition of a "prevailing party" based on the parenthetical information it includes. *See id*.

Plaintiff did not discuss nor incorporate these cases into its legal analysis. The Motion lacks legal authority and does not cite to any portions of Plaintiff's contract with Defendant establishing Plaintiff's entitlement to fees and costs. There is no discussion of whether Plaintiff seeks costs under a specific statute, such as 28 U.S.C. § 1920. Also, the Motion does not list *which* costs it specifically seeks reimbursement for, nor does it include a bill of costs for the Court's review. Instead, Plaintiff's attorney, Darren Heitner ("Heitner"), submitted a declaration which simply states that Plaintiff seeks $1,143.15 in costs. [ECF No. 60, ¶4(b)].

Originally, Plaintiff attached Heitner's declaration to its Motion in support of its request for attorney's fees and costs. [ECF No. 57-1]. The Undersigned reviewed the declaration, deemed it to be insufficient pursuant to Local Rule 7.3, and ordered the following:

> Plaintiff's Amended Motion requests various forms of relief, including attorney's fees and costs. These types of requests are subject to Local Rule 7.3. However, Plaintiff's Amended Motion fails to comply with **any** of Rule 7.3's requirements. Because Plaintiff's Amended Motion lacks the necessary materials required by Rule 7.3, the Undersigned cannot determine whether Plaintiff's requests should be granted. Therefore, by next Wednesday, September 4, 2024, Plaintiff must file on CM/ECF either a specific notice withdrawing its request for fees and costs or a declaration/ affidavit that includes attachments addressing things such as (but not limited to): "a description of the tasks done during each of [the requested] hours"; "describe and document with invoices all incurred and claimed fees and expenses"; "**the identity, experience, and qualifications for each timekeeper for whom fees are sought.**"

[ECF No. 59 (emphasis added)].

On September 4, 2024, Heitner filed a declaration in support of Plaintiff's Motion and attached a copy of Plaintiff's invoices and the retainer agreement executed by Plaintiff with its attorneys. [ECF No. 60]. However, this "new" declaration is an **exact** copy of the original one the Undersigned took issue with in an earlier Order. The only difference between Plaintiff's original submission [ECF No. 57-1] and the current one [ECF No. 60] is that the current one includes Plaintiff's invoices and retainer agreement. The declaration includes problematic language such as:

> 2. I am the founder of the law firm, Heitner Legal, P.L.L.C., **and** *one of* **the attorneys of record who performed legal services on behalf of Plaintiff**, Atlas Conglomerate of Ridiculous Proportions LLC, in this action. I make this affidavit upon my own personal knowledge.

> 3. **Heitner Legal, P.L.L.C. has performed legal services in this action** for and on behalf of Plaintiff, Atlas Conglomerate of Ridiculous Proportions, LLC . . .

*Id*. at ¶¶ 2–3 (emphasis added).

The Undersigned specifically informed Plaintiff that this new declaration would need to address "the identity, experience, and qualifications for **each** timekeeper for whom fees are sought." [ECF No. 59 (quoting Local Rule 7.3(5)(A))]. But, as shown above, Heitner's declaration discusses his firm in *general* and fails to specifically address **who** from his firm worked on behalf of Plaintiff in this case, **what** their qualifications are, and **how** much experience they have. Heitner's declaration also fails to list which costs[10]

---

[10]     Under Local Rule 7.3(a)(6), Plaintiff's request for costs had to "describe and document with invoices all incurred and claimed fees and expenses not taxable under 28

Plaintiff seeks reimbursement for, therefore improperly expecting the Court to comb through its multi-page invoice attachment to flesh them out. "[J]udges "are not like pigs, hunting for truffles buried in briefs." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)).

These attached invoices are equally as unhelpful as Plaintiff's original submission because they fail to specify which attorney they concern. The only (possible) identifying information is that each invoice states a preference for them to be directly paid to Heitner over Zelle. [ECF No. 60-1]. But if Heitner is the *founder*[11] of the law firm representing Plaintiff, then how is the Undersigned supposed to determine whether the invoice is related to work Heitner performed, or work another attorney at his firm performed— especially given the fact that Heitner, himself, stated in his declaration that he was "**one of** the attorneys of record who performed legal services on behalf of Plaintiff"? [ECF No. 60, ¶ 2] (emphasis supplied).

Plaintiff is not automatically entitled to attorneys' fees and costs just because Defendant defaulted. It is Plaintiff's burden, not the sole existence of Defendant's default, to establish its entitlement to fees and costs. *Hensley*, 461 U.S. at 437. Therefore, the Court should **deny** Plaintiff's request for attorneys' fees and costs because the motion fails to

---

U.S.C. § 1920[.]" The rule also states that if Plaintiff's cost request included those taxable under § 1920, then it had to file a bill of costs pursuant to § 1920. S.D. FL. L.R. 7.3(c).

[11] Because Heitner is the founder of the law firm, it is reasonable to conclude that any invoice payments could be sent to him on behalf of the firm. [ECF No. 60, ¶ 2].

provide enough information for the Undersigned to evaluate when determining its entitlement and the reasonableness of its request. This denial should be **with prejudice** because Plaintiff has already been given **three** chances[12] to remedy this error and has failed to adhere to the Court's guidance (even when specifically directed how to proceed).

<u>Compensatory Damages</u>

The Contract "required Defendant to pay Plaintiff a total amount of $180,000.00." [ECF No. 57, p. 4]. The Motion states that although Defendant has made some payments, it still owes Plaintiff $127,500.00 "plus default interest at the rate of 18% per annum (or the maximum usury rate permitted by applicable law)." *Id*. Plaintiff attached a copy of the Contract to its Complaint. [ECF No. 26-1]. Additionally, as previously stated, Plaintiff successfully established Defendant's liability for breach of contract which includes pleading sufficient facts to prove damages. *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 953 (Fla. 3d DCA 2017) (*citing Murciano v. Garcia*, 958 So. 2d 423 (Fla. 3d DCA 2007))

---

[12]     In both my Report and Recommendations on Plaintiff's initial motion for default judgment and Judge Scola's Order adopting that Report and Recommendations, Plaintiff was instructed that "any future motion for default judgment must include a meaningful memorandum of law which explains the elements of its claims and requests for damages." [ECF Nos. 55, p. 6; 56, p. 2]. Then, after I reviewed Plaintiff's amended motion, instead of outright recommending its denial, I entered an order detailing the issues with this request for fees and costs and instructed Plaintiff to file a declaration that adheres to Local Rule 7.3. Plaintiff's third attempt to remedy the issue [ECF No. 60] fails to meet the Court's specific instructions because it still does not adhere to Local Rule 7.3 or include a meaningful memorandum of law explaining the necessary material.

(To prevail on a breach-of-contract claim under Florida law, "a plaintiff must prove: (1) a valid contract existed; (2) a material breach of the contract; and (3) damages.").

The Contract states:

> If [Defendant] fails to make payment by the due date, [Defendant] shall be liable to pay interest on the outstanding amount at the maximum usury rate permitted by applicable laws at the time of this Agreement, which, as of the date of writing, is 18% per annum. The interest shall accrue from the effective date of this agreement until the outstanding amount is fully paid.

[ECF No. 26-1, p. 12].

Accordingly, the Undersigned finds that "the record adequately reflects the basis for [the] award" of $127,500.00 in compensatory damages plus interest (as agreed upon in the Contract). *Associated Energy Grp., LLC v. Ukraine Int'l Airlines PJSC*, No. 23-CV-21036, 2024 WL 3878572, at *9 (S.D. Fla. Aug. 2, 2024), *report and recommendation adopted*, No. 23-21036-CIV, 2024 WL 3874835 (S.D. Fla. Aug. 20, 2024) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

<u>*Declaratory Relief*</u>

Plaintiff states that it is entitled to an order granting declaratory relief pursuant to the Contract. [ECF No. 57, p. 5]. The Complaint highlights the following language from the Contract:

> Until the payments are made in full as per the agreed payment terms, [Plaintiff] shall retain full ownership of the Collateral. [Defendant] acknowledges that [Plaintiff's] ownership rights are contingent upon the complete and timely payment of all outstanding amounts. The only way for [Plaintiff] to relinquish ownership of the Collateral is for [Defendant] to make payments on time and in full.

[ECF No. 26-1, p. 12].

However, as previously explained, Plaintiff has not sufficiently established Defendant's liability under Count II. Neither the Complaint nor Motion discuss (or even *mention*): (1) what law Plaintiff seeks declaratory relief under; (2) what the necessary elements are to sufficiently allege declaratory relief; and (3) how its Complaint successfully met those elements. Plaintiff's failure to establish Defendant's liability under Count II consequently bars its request for declaratory relief. Therefore, Plaintiff's request for declaratory relief should be **denied**.

<u>*Equitable Relief*</u>

Finally, Plaintiff contends that it is "entitled to equitable relief enjoining Defendant and/or any third party from disposing, selling, or otherwise transferring the Collateral, pending Defendant's full payment of the judgment amount ordered by the Court." [ECF No. 57, p. 6]. But, again, Plaintiff does not include any legal authority, aside from attorney rhetoric (which is not legal authority) to support this request. Plaintiff's Motion is six pages, and, out of those six pages, only **one** sentence is dedicated to its request for equitable relief. Similar to the request for declaratory relief, there is no mention or discussion of: (1) what law Plaintiff seeks declaratory relief under; (2) what Plaintiff must allege and establish in order to show entitlement to equitable relief; and (3) how Plaintiff has successfully met that burden.

Therefore, Plaintiff's request for equitable relief should be **denied** because it is woefully unsupported.

## IV.     Conclusion

Accordingly, the Undersigned **respectfully recommends** that the Court **grant in part and deny in part** Plaintiff's Motion [ECF No. 57] and award it $127,500.00 with interest, as stated in the Contract. Additionally, the Undersigned **respectfully recommends** that the Court **strike** Defendant's Answer [ECF No. 28] because of its failure to abide by the Court's pretrial Order. *See* Fed. R. Civ. P. 16(f)(1)(c).

Plaintiff has been given multiple chances to rectify the errors in its Motion, including the benefit of receiving specific guidance from the Court on more than one occasion. If the Court adopts this Report and Recommendations, then it should consider how many more chances (if any) Plaintiff will be given to rectify its repeated mistakes, given its disregard for the Court's guidance and requirements.

## V.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with Senior United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal

unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 8, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record