United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Atlas Conglomerate of Ridiculous Proportions LLC, Plaintiff, </br></br>v. </br></br>NFT Technologies, Inc., Defendant. | ) </br> ) </br> ) Civil Action No. 23-22810-Civ-Scola </br> ) </br> ) </br> ) |

## Order Adopting Magistrate Judge's Report and Recommendations

      This matter comes before the Court on the Plaintiff's amended motion for default judgment. (Mot., ECF No. 57.) In its third amended complaint, the Plaintiff Atlas Conglomerate of Ridiculous Proportions LLC ("Atlas") alleges three counts—breach of contract, declaratory relief, and fraudulent transfer—against Defendant NFT Technologies, Inc. ("NFT Technologies"). (Third Am. Compl., ECF No. 26.) The dispute stems from a "Software Development Sales Contract" under which NFT Technologies agreed to pay Atlas for the development of an NFT-based reality game. (*Id.*) Atlas alleges it fully performed under the contract, "including, but not limited to, completing development and delivery of the Product", but NFT Technologies failed to pay the full amount. (*Id.* at 3.)

      On June 10, 2024, the Court granted a motion to withdraw by counsel for NFT Technologies due to irreconcilable differences. (ECF Nos. 43, 44.) In doing so, the Court advised NFT Technologies that, as a corporate party, it may not litigate pro se. (ECF No. 44) (citing *Cook v. Trinity Universal Ins. Co. of Kan.*, 297 F. App'x 911, 912 n.1 (11th Cir. 2008)). The Court directed NFT Technologies to retain new counsel and file a notice of retention with the Court by July 8, 2024, or risk being held in default. (*Id.*) A copy of the Court's order was mailed and emailed to NFT Technologies at the contact information provided by withdrawn counsel (ECF Nos. 45, 47), but NFT Technologies failed to comply with the Court's order. At the Court's direction, the Clerk of the Court entered a default under Rule 55(a). (ECF Nos. 51, 52.) The Plaintiff filed a motion for default judgment (ECF No. 48), which was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations. Judge Goodman recommended the Court deny the motion without prejudice because it contained no analysis, case law, or citations to the complaint. (ECF No. 55.) The Court adopted Judge Goodman's report and recommendations. (ECF No. 56.)

Atlas then filed the amended motion for default judgment (ECF No. 57), which was referred to Judge Goodman for a report and recommendations. (ECF No. 58.) Judge Goodman recommended the Court grant in part and deny in part the Plaintiff's motion. (Rep. & Rec., ECF No. 63.) Specifically, Judge Goodman recommended the Court grant Plaintiff's motion for breach of contract (count 1), deny Plaintiff's motion without prejudice for declaratory judgment (count 2) and fraudulent transfer (count 3), deny the Plaintiff's request for attorneys' fees and costs with prejudice, award the Plaintiff $127,500.00 in compensatory damages plus interest "(as agreed upon in the Contract)", and deny Plaintiff's request for declaratory and equitable relief. (*Id.*) The Plaintiff filed objections, objecting only to Judge Goodman's recommendation that Plaintiff's request for attorneys' fees and costs be denied with prejudice. (ECF No. 64.)

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

The Plaintiff's request for fees in its amended motion failed to comply with the requirements set forth in Local Rule 7.3. Judge Goodman directed Plaintiff to file either (1) a notice withdrawing its request for fees and costs or (2) a declaration or affidavit with attachments detailing and describing the tasks completed during the requested hours, the invoices for all incurred and claimed fees and expenses, and the identity, experience, and qualifications for each timekeeper. (ECF No. 59) (citing S.D. Fla. L.R. 7.3.) The Plaintiff filed a declaration of attorneys' fees and costs, with an engagement letter and invoices attached. (ECF No. 60.) Ignoring the Local Rules and Judge Goodman's explicit directive, the Plaintiff failed to provide the identity, experience, and qualifications for each timekeeper. (*See id.*) In fact, the Declaration that Plaintiff filed "is an **exact** copy of the original one [Judge Goodman] took issue with in an earlier Order." (ECF No. 63) (emphasis in original). Instead of identifying the timekeeper responsible for each hour of work, the Declaration merely states that Plaintiff's attorney, Darren Heitner, is "one of the attorneys of record who performed legal services on behalf of Plaintiff, Atlas Conglomerate of Ridiculous Proportions LLC, in this action." (ECF No. 60.) Now, in Plaintiff's objections, Heitner no longer says he is one of the attorneys of record, but rather that he is the "**only** attorney to work on Plaintiff's file." (ECF No. 64) (emphasis in original).

As Judge Goodman noted, the Plaintiff had **three** chances to remedy its shortcomings on its request for fees and costs. First, in denying Plaintiff's first motion for default judgment without prejudice, both the report and recommendations and the Court's order advised the Plaintiff that any future motions for default judgment "must include a meaningful memorandum of law which explains the elements of its claims and requests for damages." (ECF No. 55 at 6; ECF No. 56 at 2.) Then, when the amended motion again fell short, Judge Goodman gave the Plaintiff another chance to comply with the Local Rules by allowing the Plaintiff to file a declaration or affidavit in support of its motion. The Plaintiff's third chance, its declaration and invoices, also fell short.

Not only did the Plaintiff fail to comply with the Local Rules in its three attempts to obtain attorneys' fees, the Plaintiff also thrice failed to establish entitlement to fees via statute or enforceable contract. As Judge Goodman pointed out, the Plaintiff's amended motion cites three inapposite cases as support for its request for fees. (*See* ECF No. 63 at 20) (citing ECF No. 57 at 4-5.) In Plaintiff's objections to the R&R, Plaintiff cites—for the first time—the contract provision that provides the basis for Plaintiff's fee request. (ECF No. 64) (citing ECF No. 26-1, Ex. D ¶4.) Plaintiff notes that the amended motion for default judgment states "Plaintiff is entitled to attorney's fees and costs as the prevailing party." (ECF No. 64.) Further, Plaintiff notes that the Third Amended Complaint cites the contract provisions that entitle it to fees. (*Id.*) However, even after the Court explicitly directed the Plaintiff to "include a meaningful memorandum of law" explaining its "elements of its claims and requests for damages", the Plaintiff disregarded the Court's directive twice more (in the amended motion and Declaration) by failing to provide support for its request for fees and costs.

Plaintiff similarly failed to cite the contractual provision supporting an award of costs, despite having three opportunities to do so. And instead of itemizing each cost for which it seeks reimbursement, Plaintiff repeatedly requested reimbursement for costs cumulatively—amounting to $1,143.15. (ECF Nos. 57-1, 60.) Now, in objecting, the Plaintiff presents its itemized costs for the first time. Plaintiff argues that it set forth the itemized costs in the invoices attached to the Declaration. (ECF No. 64) (citing ECF No. 60-1.) However, the invoices, attached without explanation, span 37 pages with fees and costs grouped together. The entries fail to delineate which line-item Plaintiff seeks reimbursement for as a fee and which line-item Plaintiff seeks reimbursement for as a cost. (*See* ECF No. 60-1.) As Judge Goodman noted, judges "are not like pigs, hunting for truffles buried in briefs." (ECF No. 63 at 23) (citing *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011)).

      Because the Plaintiff failed to cure its deficiencies three times, the Court denies Plaintiff's requests for fees and costs with prejudice. "[W]hen a plaintiff repeatedly fails to cure deficiencies, the district court need not grant additional opportunities to amend." *Bright v. Thomas*, 754 F. App'x 783, 789 (11th Cir. 2018); *see Joseph v. Bernstein*, 612 F. App'x 551, 558 (11th Cir. 2015) (supporting dismissal with prejudice when the plaintiff disregarded the "district court's directions after having been provided an opportunity to amend and cure the deficiencies"). Plaintiff had three opportunities to properly allege entitlement to fees and costs. Yet, Plaintiff repeatedly failed to do so, even after receiving explicit guidance from Judge Goodman and the Court. Therefore, the Court denies the Plaintiff's request for attorneys' fees and costs with prejudice.

      Having considered Judge Goodman's report, the record, and the relevant legal authorities, the Court finds Judge Goodman's report and recommendations cogent and compelling. The Court **affirms and adopts** Judge Goodman's report and recommendations (**ECF No. 63**) and overrules the Plaintiff's objections. (ECF No. 64.) The Court **grants in part** the Plaintiff's motion for default judgment. (**ECF No. 57.**) Specifically, the Court **strikes** Defendant's answer as a result of its default (**ECF No. 28**), grants Plaintiff's motion for final default judgment on its breach of contract claim, denies Plaintiff's motion without prejudice on its declaratory judgment and fraudulent transfer claims, and denies Plaintiff's request for attorneys' fees and costs with prejudice. (ECF No. 57.) The Court awards the Plaintiff $127,500.00 in compensatory damages plus interest as agreed upon in the Contract and denies Plaintiff's request for declaratory and equitable relief.

      **Done and ordered** at Miami, Florida on December 12, 2024.

                                                                         _____
                                                                        Robert N. Scola, Jr.
                                                                        United States District Judge

*Copies via email and U.S. mail to*:
NFT Technologies, Inc.
Attn: Wayne Lloyd
202-1964 West 4th Avenue,
Vancouver, Canada, BC V6J1M8
wayne@nfttech.com