United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Atlas Conglomerate of Ridiculous Proportions LLC, Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-22810-Civ-Scola ) ) |
| NFT Technologies, Inc., Defendant. | ) |

**<u>Order Denying Motion to Vacate Default Judgment</u>**

This matter comes before the Court upon the Defendant NFT Technologies, Inc. ("NFT")'s motion to vacate the default judgment. (Mot., ECF No. 68.) The Plaintiff Atlas Conglomerate of Ridiculous Proportions, LLC. ("Atlas") has responded (Resp, ECF No. 70), and NFT has filed a reply (Reply, ECF No. 72). The Court has considered the briefing, the record, the relevant legal authorities, and is otherwise fully advised. For the reasons that follow, the Court **denies** NFT's motion to vacate (**ECF No. 68**). Because the Court does not vacate the default judgment, the Court also **denies** NFT's motion to reopen case (**ECF No. 67**).

1. **Background**

On July 27, 2023, Atlas initiated this action against NFT, alleging that NFT violated the terms of their contract by failing to pay the outstanding balance of $127,500. (Complaint, ECF No. 1 ¶19.) Atlas sought compensatory damages and declaratory relief, asking the Court to find Atlas as the "sole and lawful owner" of the collateral pending NFT's payment of the contract. (*Id.* ¶ 28.) NFT received the summons, complaint, and civil cover sheet in this case. (Civil Summons, ECF No. 3; Execution of Civil Summons, ECF No. 5.) NFT answered the complaint on October 26, 2023. (NFT's Answer and Affirmative Defenses, ECF No. 13.)

Attorney Yolday Diaz Barreto of EPGD Attorneys at Law, P.A., entered his appearance on behalf of NFT on September 20, 2023 (ECF No. 7), and filed NFT's answer and affirmative defenses (ECF No. 13), as well as a third-party complaint (ECF No. 14). Over the next four months, the Court allowed both Atlas and NFT to amend their respective complaints. (*See* Third Am. Compl. against NFT, ECF No. 26; Am. Third Party Compl. ECF No. 27.)

On May 8th, 2024, Sarah Denis, also of EPGD Attorneys, filed a notice of appearance on behalf of NFT. (ECF No. 36.) Just twelve days later, Denis filed a

motion to withdraw as counsel of record on behalf of EPGD, citing irreconcilable differences between EPGD and NFT. (First Mot. to Withdraw, ECF No. 39 at 1-2). This Court promptly denied the motion without prejudice, ordering counsel to "confirm with NFT Technologies that Mr. Lloyd is the correct point of contact. . ." and to instruct the Court as to NFT's position on the motion to withdraw. (Order, ECF No. 41.) EPGD then filed their second motion to withdraw, and explained that

> Wayne Lloyd, Executive Chairman for the Defendant, has been provided with notice of this withdrawal and will be provided with a copy of this Motion. Despite the undersigned's several good-faith attempts, the undersigned has not been able to procure a response from the Defendant as to its position regarding the relief sought herein.

(Second Mot. to Withdraw, ECF No. 43 ¶ 5.) This motion, as well as the first motion to withdraw, represented NFT's mailing address as 202-1964 West 4th Avenue, Vancouver, Canada, BC V6J1M8 and that Mr. Lloyd's email address was wayne@nfttech.com. (*Id.* ¶4.) The Court granted this second motion and instructed NFT that because it "may not proceed in this matter without the assistance of counsel, the Court may hold it in default, and without further notice, if it fails to retain new counsel and file a notice of such retention with the Court by July 8, 2024." (Order, ECF No. 44 at 2.) The Court additionally ordered attorney Denis to file a notice that she served the order on NFT. (*Id.*) The record shows that both the Clerk of this Court and Denis emailed the order granting the motion to withdraw to wayne@nfttech.com, as well as the address listed in the order. (Clerk's Notice of Compliance, ECF No. 45; Dennis Notice of Compliance, ECF No. 47.)

NFT failed to comply with the Court's order requiring it to retain new counsel by July 8, 2024. It also did not seek an extension of time to retain counsel. Therefore, on July 9, 2024, Atlas filed a motion for default judgment. (Mot. for Default Judgment, ECF No. 48.) After referring the motion to Magistrate Judge Jonathan Goodman, the Court adopted Judge Goodman's report and recommendations, and denied that motion without prejudice on August 13, 2024. (Order Adopting R&R, ECF No. 56.) In between the filing and denial of that motion, the Court directed the Clerk to enter default, which the Clerk did on July 23, 2024. (Order Granting Default, ECF No. 51; Clerk's Entry of Default, ECF No. 52.)

Atlas filed an amended motion for default judgment on August 20, 2024. (Am. Mot. for Default Judgment, ECF No. 57.) After referring the motion to

Judge Goodman, the Court adopted Judge Goodman's report and recommendations and granted the motion in part on December 12, 2024. (Order Granting Default Judgment, ECF No. 65.) Judgment against NFT in the amount of $127,500.00 was entered on January 10, 2025, and the case was closed. (Judgment, ECF No. 66.)

Five months after the default judgment was entered (sixth months after Judge Goodman recommended that default judgment be entered), and nearly one year after the Court granted the motion to withdraw, NFT filed a motion to vacate the default judgment. (ECF No. 68.)

In its motion, NFT relies on the affidavit of its Executive Chairman, Wayne Lloyd, who stated that "[he] was not aware of the default Judgment entered in this case until after March 12, 2025, when [he] received a copy of the Judgment in an ongoing litigation case in the Supreme Court of British Columbia . . ." (Aff., ECF No. 68 ¶5.) Lloyd also asserted that he had not received any filings regarding this case via electronic mail or physical mail "[a]fter the Court entered its order granting the law firm of EPGD Attorneys at Law, P.A.'s motion to withdraw as counsel for NFT in this case . . ." (*Id.* ¶ 6; Mot., ¶ 22.) Lloyd noted that NFT's address as stated in the order granting its previous attorney's motion to withdraw is incorrect. (Aff. ¶ 13; Mot. ¶¶ 16-17.) NFT argues that under Fed. R. Civ. P. 60(b)(4), the default judgment should be vacated because NFT was deprived of due process when it did not receive Atlas's motions for default judgment, Judge Goodman's reports and recommendations, or this Court's final order granting default judgment and final judgment. (Mot. ¶ 22.)

2. **Legal Standard**

   A. **Federal Rule of Civil Procedure 60(b)(4)**

In relevant part, Rule 60(b)(4) permits a Court on "motion or just terms" to "relieve a party" from a "final judgment" when the "judgment is void." Fed. R. Civ. P. 60(b)(4). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (cleaned up). Motions raising jurisdictional challenges under Rule 60(b)(4) are ordinarily not subject to Rule 60(c)(1)'s "reasonable time" limitation or "a typical laches analysis." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 737 (11th Cir. 2014); *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1130 (11th Cir. 1994). But "there are limitations on this doctrine," *Oldfield,* 558 F.3d at 1218 n. 21, and

"Rule 60(b)(4) does not provide a license for litigants to sleep on their rights," *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010). Similarly, where a party "knowingly s[its] on his rights" for significant time before "filing anything at all with the district court, he waive[s] his right to object" under Rule 60(b)(4). *See Stansell*, 771 F.3d at 737 (party waived service and personal jurisdiction arguments under Rule 60(b)(4) due to unexplained several-month delay in filing anything in the district court); *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 392 (11th Cir. 2018) (holding defendant waived objections under Rule 60(b)(4) by failing to timely file a Rule 60(b)(4) motion).

### 3. Analysis

The Court denies NFT's motion to vacate default judgment. NFT argues that the judgment in this case is void because it was denied the opportunity to be heard when it did not receive filings in this case after June 10, 2024. Specifically, NFT contends that "[w]ithout receiving current, ongoing filings in this case, NFT was unaware of the current status of the litigation and was deprived of the opportunity to present a defense against the allegations asserted by Atlas." (Reply, ¶¶10-12.)

NFT's motion fails, for two primary reasons. First, NFT received due process because it received the Court's order on the motion to withdraw, in which the Court specifically warned NFT that default may be entered should it fail to retain new counsel. Second, even if NFT did not receive due process, NFT improperly sat on its rights, which precludes Rule 60(b)(4) relief.

### A. NFT Received Due Process

Due process "requires that notice be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Shanghai Liyu Optoelectronics Co., Ltd. v. Brite Lite Tribe, LLC*, 2025 WL 1040836, at *3 (S.D. Fla. Apr. 8, 2025) (Gold, J.) (quoting *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196-97 (11th Cir. 2005)); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) ("Espinosa's failure to serve United with a summons and complaint deprived United of a right granted by a procedural rule. . . [b]ut this deprivation did not amount to a violation of United's constitutional right to due process." (citation omitted)). "Successful actual notice is not required; the adverse party need only prove an attempt to provide actual notice." *Brite Lite Tribe, LLC*, 2025 WL 1040836, at *3 (citing *Mesa Valderrama*, 417 F.3d at 1198).

Even if NFT did not receive filings after June 10, 2024, NFT received due process. NFT does not deny receiving the Court's order granting the motion to withdraw by its then-attorney Sarah Dennis, on behalf of EPGD Attorneys at Law, P.A. (Order Granting Mot. to Withdraw.) This order was emailed to NFT at wayne@nfttech.com twice, first by the Clerk's office and second by Sarah Dennis—as directed by the Court. (Clerk's Notice of Compliance, ECF No. 45; Attorney's Notice of Compliance, ECF No. 47.) In that order, NFT was informed that because it "may not proceed in this matter without the assistance of counsel, the Court may hold it in default, and without further notice, if it fails to retain new counsel and file a notice of such retention with the Court by July 8, 2024." (Order Granting Mot. to Withdraw, at 2.)

NFT thus had actual notice that failure to retain counsel by July 8, 2024, may result in default without further notice by the Court. It was also on notice of the incorrect address listed in the order. Yet, NFT failed to correct the incorrect address and, most importantly, failed to comply with the Court's order. Nor does NFT attempt in its current motions to justify why it did not comply with the Court's order. Default judgment is proper in such circumstances. *See James Gorman Ins., Inc. v. Bankers Ins. Co.*, Case No. 8:16–cv–816–T–27AEP, 2017 WL 2869546, at *1 (M.D. Fla. May 8, 2017) (granting motion for judicial default after corporate entity failed to retain counsel and "was put on notice that failure to retain new counsel would result in the Court entertaining a motion for default"); *Moradel v. Case de Pueblo*, Case No. 07-23080-CIV-GOLD/McALILEY, 2008 WL 114708952, at *1 (granting motion for default against corporate entity for failure to comply with order to retain counsel after "the defendant was put on notice that a default may be entered") (Gold, J.)).

Moreover, and at the very least, NFT had constructive notice that default would be entered against it. *See Jones v. Flowers*, 547 U.S. 220, 226 (2006) (in the context of a property dispute, explaining that "[d]ue process does not require . . . actual notice"). Not only did NFT disregard the Court's order, but it also failed to monitor its case. *See generally Commodity Futures Trading Comm'n v. Empires Consulting Corp.*, No. 22-21997-CIV, 2025 WL 1696234 (S.D. Fla. June 17, 2025) (Altonaga, J.) (denying defendant's 60(b)(4) motion to vacate judgment where defendant failed to monitor the progress of his case even though he knew the plaintiff may seek default judgment if a settlement was not reached).

Therefore, NFT's due process rights were not violated because the Court gave NFT "a full and fair opportunity to litigate" when NFT (1) knew default may be entered should it disobey the Court's order and (2) failed to monitor the case. *See Espinosa*, 559 U.S. at 276 (finding that a "party's failure to avail itself

of" an "opportunity" provided during litigation "will not justify Rule 60(b)(4) relief").

### B. NFT's Conduct Precludes Relief Under Fed. R. Civ. P. 60(B)(4)

Even if NFT did not receive due process, "Rule 60(b)(4) does not provide a license for litigants to sleep on their rights." *Espinosa*, 559 U.S. at 275. NFT improperly slept on its rights in at least three ways.

First, although a party can bring a Rule 60(b)(4) motion at any time, that party still must bring the motion within a reasonable time after it became aware of the grounds entitling it to relief under Rule 60(b)(4). *See Stansell*, 771 F.3d at 737 (party waived service and personal jurisdiction arguments under Rule 60(b)(4) due to unexplained several-month delay in filing anything in the district court).

NFT admits that it became *actually* aware of the default judgment in this case on March 12, 2025. (Aff. ¶5.) Yet, it did not bring its motion to vacate the default judgment until nearly three months later. NFT does not explain its three-month delay in seeking to void a default judgment that was the result of its inaction that started nearly a year prior. Under these circumstances, the Court finds that NFT did not bring its motion in a timely manner. *See Stansell*, 771 F.3d at 737.

Second, NFT should have known about its default, and the default judgment, much sooner than March 12, 2025—making its filing of its motion on June 6, 2025 all the more improper. NFT argues that "[t]he lack of service by Atlas and the Court and failure to provide NFT with a copy of the Judgment is the sole reason for NFT's delay here." (Reply ¶10.) However, NFT is shifting all blame to the Court and Atlas, while ignoring that it "ha[d] a duty to monitor the progress of [the] case." *See Empires Consulting Corp.*, 2025 WL 1696234, at *3 (quoting *Simmons*, 241 F. App'x at 664).[1] This duty applies to a party itself, and not just its attorney(s). *See id.* ("Even when an attorney is unresponsive or ineffective, the client must act diligently."). NFT received the complaint; responded to the complaint; received the Court's notice that it may be in default if it did not comply with the order; and then failed to comply with the Court's order or take any other action in the case. NFT is thus not entitled to

---

[1] In *Empires Consulting*, the court discussed the party's failure to monitor its case in the context of Rule 60(b)(1), which allows for relief from a judgment or order in the case of "mistake, inadvertence, surprise, or excusable neglect." *See* 2025 WL 1696234 at *3. However, the court then used the party's failure to monitor the case when denying the party's motion for Rule 60(b)(4) relief. *See id.* at *4 ("Nicholas's reliance on Rule 60(b)(4) fails for the same reasons his Rule 60(b)(1) claim fails.").

Rule 60(b)(4) relief. *See id.* at *4 (denying Rule 60(b)(4) motion after party "waived service," "receiv[ed] a letter warning that Plaintiff would move forward with the case and seek a default judgment if no settlement was reached," "and another reminding him of the ongoing litigation and requesting his signature on the proposed consent order").

Third, NFT is at least partially to blame for the mistaken address. NFT's counsel's amended motion to withdraw as attorney (ECF No. 40) and second motion to Withdraw as attorney (ECF No. 43) listed NFT's mailing address as 202-196**4** West 4th Avenue, Vancouver, Canada, BC V6J1M8, instead of NFT's correct physical mailing address as 202-196**5** West 4th Avenue, Vancouver, Canada, BC V6J1M8. (Aff. ¶2). The Court denied the amended motion to withdraw, instructing counsel to confirm with NFT that "Mr. Lloyd is the correct point of contact . . ." (ECF No. 41.) In their second motion to withdraw, EPGD explained that "[d]espite the undersigned's several good-faith attempts, the undersigned has not been able to procure a response from the Defendant as to its position regarding the relief sought herein." (ECF No. 43 ¶5.) NFT also received the order granting the motion to withdraw twice, yet failed to inform the Court that the order and motions to withdraw listed an incorrect mailing address for NFT.

In sum, NFT's "failure to take advantage of 'a full and fair opportunity to litigate' precludes relief under Rule 60(b)(4)." *Commodity Futures Trading Comm'n,* 2025 WL 1696234, at *4 (explaining and quoting *Espinosa,* 559 U.S at 276). Not only did NFT fail to comply with an order putting it on notice that default may be entered, it also failed to monitor its case and correct a mistake for which it is at least partially to blame. The federal rules simply do not allow a party to take the wait-and-see approach NFT took in this case.

### 4. Conclusion

Accordingly, based on the foregoing, the Court denies NFT's motions to reopen case (**ECF No. 67**) and vacate default judgment (**ECF No. 68**).

**Done and ordered** in Miami, Florida on July 11, 2025.

_____
Robert N. Scola, Jr.
United States District Judge